**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                  PLAINTIFF

**CASE NO. 4:18CR00459 KGB**

MICHAEL HOLLAND LEWIS                                        DEFENDANT

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant is charged in count one with a violation of 18 U.S.C. § 2252 (a) (4) (B)

which says:

> Any person who knowingly possesses, or knowingly accesses with intent to view, 1
> or more books, magazines, periodicals, films, video tapes, or other matter which
> contain any visual depiction that has been mailed, or has been shipped or
> transported using any means or facility of interstate or foreign commerce or in or
> affecting interstate or foreign commerce, or which was produced using materials
> which have been mailed or so shipped or transported, by any means including by
> computer, if: (i) the producing of such visual depiction involves the use of a minor
> engaging in sexually explicit conduct; and (ii) such visual depiction is of such
> conduct.

Child pornography is defined in 18 U.S.C. § 2256 (8) as:

> any visual depiction, including any photographs, films, video, picture, or
> computer generated image or picture, whether made or produced by electronic,
> mechanical, or other means, of sexually explicit conduct, where…(A) the
> production of such visual depiction involves the use of a minor engaging in
> sexually explicit conduct; (B) such visual depiction is a digital image, computer
> image, or computer generated image that is, or is indistinguishable from, that of a
> minor engaged in sexually explicit conduct; or (C) such visual depiction has been
> created, adapted, or modified to appear that an identifiable minor is engaging in
> sexually explicit conduct.

The United States Supreme Court in *Ashcroft v. Free Speech Coalition*, 535 U.S.

234, 122 S. Ct. 1389, 152 L. Ed. 2d 403 (2002) held that the part of the statute

prohibiting computer generated images resembling real children was unconstitutional

but what saved the rest of the statute is that no real children are harmed in the

production of computer generated pornography, cartoons or pornography using dolls.

The definition just quoted of child pornography contains the words that were held

unconstitutional in *Ashcroft*.

Counts two and three of the indictment rely on the very same statute 18 U.S.C. §

2252 (a) (2) which says as follows:

> Any person who knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and, (B) such visual depiction is of such conduct.

Sexually explicit conduct is defined in 18 U.S.C. § 2256 (2) (B) as:

> (i) graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, or lascivious simulated sexual intercourse where the genitals, breast, or pubic area of any person is exhibited; (ii) graphic or lascivious simulated; (I) bestiality; (II) masturbation; or (III) sadistic or masochistic abuse; or (iii) graphic or simulated lascivious exhibition of the genitals or pubic area of any person.

This invites all of the problems of *Ashcroft*.

Count four alleges the defendant received an obscene visual depiction of a minor

engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256 (2) (A) under the

circumstances specified in 18 U.S.C. § 1466 (A) (d) (1) and (d) (4).  (D) (1) requires a

visual depiction be mailed in interstate commerce.  Visual depiction is defined in 18

U.S.C. § 1466 as:

> undeveloped film and videotape, and data stored on a computer disk or by electronic means which is capable of conversion into a visual image, and also includes any photograph, film, video, picture, digital image or picture, computer image or picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means.

This definition contains all of the problems and concepts declared unconstitutional in *Ashcroft*.

Therefore, the charges against the defendant should be dismissed.

Respectfully Submitted,

/s/ R. David Lewis

_____
R. David Lewis ABN 68-030
Attorney for defendant
1109 Kavanaugh Boulevard
Little Rock, Arkansas 72205
rdavidlewis@yahoo.com
(501) 664-0818 (501) 664-3884-fax

## CERTIFICATE OF SERVICE

I certify that on October 25th, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which shall send notification of such filing to all counsel of record.

/s/ R. David Lewis

_____
R. David Lewis

U.S. Attorney
P.O. Box 1229
Little Rock, AR 72203