IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:18-CR-00459-KGB |
| | ) | |
| MICHAEL HOLLAND LEWIS | ) | |

## **RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

The United States of America, through United States Attorney Cody Hiland, Eastern District of Arkansas, and Assistant U.S. Attorney Kristin H. Bryant for said district respectfully responds in opposition to defendant's Motion to Dismiss (Doc. No. 21).

On October 25, 2018, the defendant filed a motion to dismiss all three counts of the Indictment.  Count One of the Indictment charges the defendant with possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4)(B).  Counts Two and Three charge the defendant with receipt of child pornography in violation of Title 18, United States Code, Section 2252(a)(2).  Count Four charges the defendant with receipt of an obscene visual depiction in violation of Title 18, United States Code, Section 1466A(a)(1).  The defendant appears to contend that all three statutes charged are unconstitutional based on the United States Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002).

II.    DISCUSSION

The defendant's motion should be dismissed because the Supreme Court's decision in *Ashcroft* does not apply to any of the counts charged.  The defendant believes that the Supreme Court's decision in *Ashcroft* renders all computer-generated images of child pornography unconstitutional.  This is simply incorrect.

In *Ashcroft*, the defendant challenged the Child Pornography Prevention Act of 1996 ("CPPA") which extended the definition of child pornography to sexually explicit images that

1

appeared to depict minors but were actually produced without using real children, also known as "virtual child pornography." *Ashcroft*, 535 U.S. at 239-240.  In *Ashcroft*, the Supreme Court struck down portions of the CPPA as unconstitutionally overbroad in violation of the First Amendment. *Id*. at 256-258.  The affected portions of the statute were sections 2256(8)(B) and (D).  "Section 2256(8)(B) prohibit[ed] 'any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture' that 'is, or appears to be, of a minor engaging in sexually explicit conduct.'" *Id.* at 241. "Section 2256(8)(D) define[d] child pornography to include any sexually explicit image that was 'advertised, promoted, presented, described, or distributed in such a manner that conveys the impression' it depicts 'a minor engaging in sexually explicit conduct.'" *Id*. at 242.

"The Supreme Court declared § 2256(8)(B) unconstitutional because it extended the federal prohibition against child pornography to images that appeared to depict minors, but were in fact produced without using any real children. *United States v. Payne*, 519 F. Supp. 2d 466, 479 (D.N.J. 2007), aff'd, 394 F. App'x 891 (3d Cir. 2010).  "The Supreme Court held that § 2256(8)(D) was overbroad because it prohibited any images pandered as child pornography, without reference to their actual content. *Id*.

The Supreme Court discussed that, in contrast to actual child pornography, "[v]irtual child pornography is not 'intrinsically related' to the sexual abuse of children [...]" *Ashcroft*, 535 U.S. at 250. Therefore, that portion of the statute was declared unconstitutionally overbroad because images where children were not sexually exploited were being criminalized, thus impermissibly "suppress[ing] lawful speech as the means to suppress unlawful speech." *Id*. at 255.

"The Supreme Court has ruled that the First Amendment does not bar the government from criminalizing pornography produced with real children." *United States v. Banks*, No. 4:08-CR-

287CEJ, 2008 WL 5054666, at *4 (E.D. Mo. Nov. 20, 2008).  "This approval applies to § 2256(8)(A), because by its express language it applies to the production of child pornography using actual minor children."  *Id.*

18 U.S.C. § 2256(8) now defines child pornography as:

any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

**(A)** the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

**(B)** such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

**(C)** such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

As charged in the Indictment, Counts One through Three only implicate 18 U.S.C. § 2256(8)(A) as these counts allege the defendant knowingly possessed and received images that "contained an image of a minor engaged in sexually explicit conduct."  There are no allegations concerning "virtual child pornography" or digital images, which appears to be the crux of the defendant's argument.  *See United States v. Payne*, 519 F. Supp. 2d 466, 479 (D.N.J. 2007), aff'd, 394 F. App'x 891 (3d Cir. 2010) (finding "[i]n sum, because the portions of the CPPA under which the Defendant in this case is charged regulate the possession and receipt of traditional child pornography as defined in 18 U.S.C. § 2256(8)(A)—a definition that remains valid after *Free Speech Coalition*—it is irrelevant" whether other subsections are "unconstitutional and overbroad to the extent that they encompass materials not involving actual children."); *United States v. Brandon*, No. 4:07CR605 CDP, 2008 WL 901858, at *6 (E.D. Mo. Apr. 3, 2008) (finding that the

3

decision in *Ashcroft* did not impact a defendant charged with possession of child pornography as defined in Sections 2256(8)(A)).

Moreover, Count Four, which alleges receipt of an obscene visual depiction in violation of Title 18, United States Code, Sections 1466(A)(a)(1), has consistently been held to be constitutional. Specifically, Title 18, United States Code, Section 1466(A)(d)(1) criminalizes visual depictions of minors "only when they are obscene." *United States v. Whorley*, 550 F.3d 326, 336 (4th Cir. 2008). "*Ashcroft* itself noted that obscenity in any form is not protected by the First Amendment." *Id*. at 337. "Thus, regardless of whether § 1466A(a)(1) requires an actual minor, it is nonetheless a valid restriction on obscene speech." *Id*.

WHEREFORE, the United States prays that defendant's Motion to Dismiss be denied.

Respectfully submitted,

CODY HILAND
United States Attorney

By   /s/ *Kristin H. Bryant*
      KRISTIN H. BRYANT (2009156)
      Assistant U.S. Attorney
      P.O. Box 1229
      Little Rock, AR  72203
      (501) 340-2600
      Kristin.Bryant@usdoj.gov

Certificate of Service

I hereby certify that on November 21st, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which shall send notification of such filing to the following:

R. David Lewis

       /s/ *Kristin H. Bryant*
      KRISTIN H. BRYANT

4