**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                              Case No. 4:18-cr-00459-KGB-1

MICHAEL HOLLAND LEWIS                                          DEFENDANT

**ORDER**

Before the Court is a motion to dismiss filed by defendant Michael Holland Lewis (Dkt. No. 21).  The government responded in opposition to Mr. Lewis' motion to dismiss indictment (Dkt. No. 26).  Also pending before the Court is Mr. Lewis' supplemental motion for discovery (Dkt. No. 23).  For the following reasons, the Court denies Mr. Lewis' motion to dismiss and supplemental motion for discovery (Dkt. Nos. 21, 23).

**I.      Counts Against Mr. Lewis**

The indictment sets forth the following charges against Mr. Lewis (Dkt. No. 9).  In count one, Mr. Lewis is charged with, on or about May 31, 2018, knowingly possessing and accessing with intent to view one or more matters which contained an image of minor engaged in sexually explicit conduct, the production of which involved the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) (*Id.*, at 1).  In counts two and three, Mr. Lewis is charged with knowingly receiving a visual depiction of a minor engaging in sexually explicit conduct, the production of which involved the use of a minor engaging in such conduct, in violation of 18 U.S.C. § 2252(a)(2) (*Id.*, at 1-2).  In count four, Mr. Lewis is charged with, on or about February 18, 2018, knowingly receiving an obscene visual depiction of a minor engaging in sexually explicit conduct, as that term is defined in 18 U.S.C. § 2256(2)(A), in the circumstances specified in 18 U.S.C. §§ 1466A(d)(1) and (d)(4), in violation of 18 U.S.C. § 1466A(a)(1).

## II.    Motion To Dismiss

In his motion to dismiss the indictment against him, Mr. Lewis argues that the statutes underlying the government's charges are unconstitutional.  Specifically, Mr. Lewis argues that the four counts of the indictment against him are based upon a definition of "child pornography" that was invalidated by the United States Supreme Court in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) (Dkt. No. 22, at 1-2).  The government responds that the decision in *Ashcroft* does not apply to the first three counts of the indictment against Mr. Lewis because *Ashcroft* only invalidated 18 U.S.C. §§ 2256(8)(B) and (D), while the first three counts against Mr. Lewis incorporate the definition of "child pornography" under 18 U.S.C. § 2256(8)(A), which was unaffected by *Ashcroft*.  The government also argues that the Court in *Ashcroft* did not rule that 18 U.S.C. § 1466A(a)(1)—the basis of count four—is unconstitutional.

The Court denies Mr. Lewis' motion to dismiss because *Ashcroft* did not invalidate the statutes under which Mr. Lewis is charged.  As relevant here, 18 U.S.C. § 2256(8) defines child pornography as:

> [A]ny visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where—
>
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
>
> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
>
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. § 2256(8).  In *Ashcroft*, the Court struck down the definition of child pornography in §§ 2256(8)(B) and (D)[1] on the grounds that those definitions were unconstitutionally overbroad in violation of the First Amendment.  535 U.S. at 256-58.  *Ashcroft* did not disturb the "traditional" definition of child pornography found at § 2256(8)(A) or the "image morph" definition found at § 2256(8)(C).  *See United States v. Bach*, 400 F.3d 622, 631 (8th Cir. 2005) (noting that *Ashcroft* only invalidated §§ 2256(8)(B) and (D)).

The Court concludes that Mr. Lewis' argument against the government's first three counts of the indictment against him fails.  In counts one, two, and three, Mr. Lewis is charged with violations of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(a)(2).  The statutes underlying these counts against Mr. Lewis include as an element that the production of the prohibited material involved the sexual exploitation of an actual minor.  *See* 18 U.S.C. § 2252(a)(4)(B) ("[T]he producing of such visual depiction involves the use of a minor . . . ."); 18 U.S.C. § 2252(a)(2) (same).  These statutes track the definition of child pornography found at 18 U.S.C. § 2256(8)(A), which was unaffected by the Supreme Court's decision in *Ashcroft*.  In *United States  v. Deaton*, the Eighth Circuit Court of Appeals affirmed the conviction of a defendant under 18 U.S.C. § 2252(a)(4)(B) because the jury was instructed that it needed to find that production of the images at issue involved the use of an *actual* minor.  328 F.3d 454, 455 (8th Cir. 2003) (per curiam).  Further, the Eighth Circuit has found that no prejudice occurs when an indictment includes the invalid definitions of child pornography found at 18 U.S.C. §§ 2256(8)(B) and (D) so long as the proof presented to the jury establishes that the minors in the images at issue are real.  *United States v. Wolk*, 337 F.3d 997, 1004-05 (8th Cir. 2003).  There is no allegation that Mr. Lewis is charged with the possession

---

[1]  The Court notes that 18 U.S.C. § 2256(8)(D) was repealed in 2003.  Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, PL No. 108-21, § 502, 117 Stat. 650 (2003).

or receipt of virtual images. Accordingly, the Court denies Mr. Lewis' motion to dismiss counts one, two, and three of the indictment (Dkt. No. 21).

The Court also denies Mr. Lewis' motion to dismiss the fourth count of the indictment against him under 18 U.S.C. § 1466A(a)(1). In count four, Mr. Lewis is charged with violating § 1466A(a)(1) by knowingly receiving an obscene visual depiction of a minor engaging in sexually explicit conduct, as that term is defined in 18 U.S.C. § 2256(2)(A), in the circumstances specified in 18 U.S.C. §§ 1466A(d)(1) and (d)(4). These statutory incorporations are significant, as courts in this circuit have found that §§ 1466A(d)(1) and (d)(4) are not overbroad under the First Amendment. *United States v. Handley*, 564 F. Supp. 2d 996, 1005 (S.D. Iowa 2008) (citing *United States v. Whorley*, 386 F. Supp. 2d 693, 697 (E.D. Va. 2005), *aff'd* 550 F.3d 326 (4th Cir. 2008)). In *Handley*, the court cited prior Supreme Court precedent which holds that the First Amendment provides no protection for obscene speech and concluded that, because 18 U.S.C. §§ 1466A(a)(1) and (b)(1) specifically include as an element of each offense that the material must be obscene, §§ 1466A(a)(1) and (b)(1) do not violate the First Amendment.

The Court agrees with the analysis in *Handley* and concludes that 18 U.S.C. §§ 1466A(d)(1) and (d)(4) are constitutional, as they only prohibit *per se* obscenity, which is allowed under *Miller v. California*, 413 U.S. 15, 23 (1973). The fourth count of the indictment against Mr. Lewis charges him with knowingly receiving child pornography, as that term is defined in 18 U.S.C. § 2256(2)(A), which was not invalidated under *Ashcroft*, and under the circumstances specified under 18 U.S.C. §§ 1466A(d)(1) and (d)(4), which constitutionally prohibit obscene speech. Therefore, the Court denies without prejudice Mr. Lewis' motion to dismiss count four of the indictment (Dkt. No. 21).

### III.    Supplemental Motion For Discovery

In his supplemental motion for discovery, Mr. Lewis requests that the government be "required to associate each photo in discovery with a particular count in the indictment and then exclude all photos which are merely computer generated images, cartoons or dolls so that the defendant and the court have some idea as to what really needs to be tried." (Dkt. No. 23).  He also states that "the government should be required to identify the people in these pictures with regard to names, addresses, telephone numbers and ages so that the defendant can contact them to determine whether they are actually children." (*Id.*).  The government has not responded.

The Court denies Mr. Lewis' current motion for discovery.  "A district court has broad discretion with regard to discovery motions . . . ."  *United States v. Washington*, 318 F.3d 845, 858 (8th Cir. 2003) (citation omitted).  According to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, "the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control . . . ."  Fed. R. Crim. P. 16(a)(1)(E).  The defendant must also show that the item:  (1) is material to the preparation of the defendant's defense; (2) will be used by the government in its case-in-chief at trial; or (3) was obtained from or belongs to the defendant.  *Id.*  The court shall, however, deny any request by a defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography as defined by 18 U.S.C. § 2256.  18 U.S.C. § 3509(m).

Mr. Lewis' current request goes beyond the inspection and copying of tangible items.  Mr. Lewis seeks to have the Court compel the government "to associate each photo in discovery with a particular count in the indictment" and "to identify the people in these pictures . . . ." (Dkt. No. 23).  The Eighth Circuit Court of Appeals has held that the government is not required to supply

5

names or addresses of potential witnesses to a criminal defendant in non-capital cases. *United States v. Roach*, 28 F.3d 729, 735 (8th Cir. 1994) (citation omitted) (holding that the government is not required to provide witness addresses to defendants); *United States v. Hutchings*, 751 F.2d 230, 236 (8th Cir. 1984) (holding that the government is not required to provide witness names to defendants in non-capital cases). Further, Mr. Lewis points to no legal authority in support of his request to have the Court compel the government to identify which documents correspond with which count in the indictment pending against him. Considering these facts and precedents, the Court denies without prejudice Mr. Lewis' supplemental motion for discovery.

## IV.     Conclusion

For these reasons, the Court denies Mr. Lewis' motion to dismiss and supplemental motion for discovery (Dkt. Nos. 21, 23).

So ordered this 7th day of May, 2019.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge

6